USDC SCAN INDEX SHEET

















AV1   8/11/99   9:33

3:99-M -02020   USA V. VALLEJO

*1*

*CRCMP.*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

FILED

99 AUG 10 AM 10: 10

CLERK U.S ...
SOUTH ... CALIFORNIA

DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Magistrate's Case No.  '99 mg 2020 |
| ) | |
| vs. ) | COMPLAINT FOR VIOLATION OF |
| ) | |
| ) | Title 21, U.S.C., Sections 952 and 960 - |
| Alejandro VALLEJO ) | Importation of a Controlled Substance; |

The undersigned complainant being duly sworn states:

### COUNT ONE

That on or about August 9, 1999, within the Southern District of California, defendant Alejandro VALLEJO did knowingly and intentionally import approximately 27.20 pounds of Cocaine, a Schedule I Controlled Substance, into the United States from a place outside thereof in violation of Title 21, United States Code, Sections 952 and 960.

And the complainant states that this complaint is based on the attached Statement of Facts incorporated herein by reference.

Cynthia Johnson

Signature of Complainant
Anthony McCrorey-Special Agent
United States Customs Service

Sworn to before me and subscribed in my presence, August 10, 1999.

_____
United States Magistrate Judge
Southern District of California

1

On August 9, 1999, at approximately 1054 hours, Alejandro VALLEJO entered the United States from the Republic of Mexico via the San Ysidro, California Port of Entry (POE). VALLEJO was the driver and sole occupant of a 1991 Chevrolet Corsica California license plate number 2VHD650. An inspection of the Chevrolet revealed approximately 27.20 pounds of a substance which field tested positive for cocaine.

U.S. Immigration and Naturalization Service Inspector (II) Irma Del Olmo was conducting primary inspection operations in lane eight (8) at the San Ysidro POE when VALLEJO made application for entry into the U.S. VALLEJO stated that he was a U.S. citizen, and that he was bringing nothing back from Mexico into the U.S. VALLEJO stated he had gone to Mexico to take his wife to the airport. II Del Olmo asked VALLEJO if the car was his, and VALLEJO replied that the car belonged to his uncle. VALLEJO stated he owned a car of his own, but that it was not operational. II Del Olmo asked VALLEJO to open the trunk of the vehicle. II Del Olmo notice that the trunk of the Chevrolet appeared very clean. II Del Olmo referred VALLEJO to the secondary lot for further Customs inspection.

U.S. Customs Service Inspector (CI) W. Reeves was conducting a lot sweep in the secondary lot at the San Ysidro POE when he encountered the Chevrolet driven by VALLEJO. CI Reeves asked VALLEJO who was the registered owner of the car, and VALLEJO replied that the vehicle belonged to his uncle. VALLEJO stated that his uncle's name was "Santiago", but VALLEJO did not know his uncle's last name. VALLEJO also could not remember which flight his wife was on, when asked by CI Reeves. CI Reeves noticed that the interior of the Chevrolet was clean and void of any personal items. CI Reeves inspected the trunk of the vehicle and noticed a mat that was glued to the back of the rear seat back-rest. CI Reeves poked the back and noticed it was hard. CI Reeves lifted the bottom part of the mat and noticed tac welds and the heavy metal backing. CI Reeves escorted VALLEJO to the security office where a patdown was conducted with negative results. The Chevrolet was turned over to CI Crawford for further inspection.

U.S. Customs Canine Enforcement Officer (CEO) Susanna Kelleher was requested to utilize her assigned narcotics detector dog "Buddy" to screen the green Chevrolet bearing CAUS license plate 2VHD650. "Buddy" alerted to a man-made compartment located behind the rear seat rest. CEO Kelleher advised CI Crawford of the alert.

U.S. Customs Service Inspector Tyrone Crawford conducted an intensive seven point inspection of the Chevrolet. CI Crawford discovered an access panel behind the rear seat cushion, under the carpet. CI Crawford opened the access panel revealing several packages wrapped in cellophane. CI Crawford probed one of the packages which revealed a white powdery substance that field tested positive for cocaine. A total of ten (10) packages were removed from the vehicle with a weight of 27.20 pounds. The Chevrolet and cocaine were seized by the U.S. Customs Service, Office of Inspection and Control. The cocaine was processed into evidence for analysis at the San Ysidro POE.

On August 9, 1999, at approximately 1620 hours, VALLEJO was placed under arrest for violation of Title 21 United States Code, Sections 952 and 960 (Importation of a Controlled

Substance).  United States Customs Service Special Agent (S/A) Anthony D. McCrorey read
VALLEJO his Constitutional rights under Miranda in the English language utilizing a pre-
printed form, witnessed by Special Agent (S/A) Jack Wilmarth.  VALLEJO stated he understood
his rights and was willing to answer questions.  VALLEJO admitted knowledge of the presence
of a controlled substance in the Chevrolet when entering the U.S. from the Republic of Mexico.
VALLEJO stated that he thought it might be marijuana.  VALLEJO stated he did not know the
location or quantity of drugs in the Chevrolet.  VALLEJO stated he was to receive $5,000 to
drive the Chevrolet from Tijuana to his residence in Compton, CA.  Upon arriving at his
residence, VALLEJO would turn the vehicle over to the individuals who organized the
smuggling endeavor.  VALLEJO would receive his payment upon completion of the trip.

VALLEJO was fingerprinted, photographed and transported to the Metropolitan Correctional
Center pending judicial proceedings in federal court.

## MAGISTRATE INFORMATION SHEET

'99 mg 2020

1. Dis. Auth: _____   1A. USAO# _____   Ct.# _____   Agcy. U.S. Customs Service   2.Hg Date:_____

3. AUSA _____   4. Mag. _____   5. Mat. Wit: Cust._____

DEFENDANT. _1_ of _1_   6. Def Name: Alejandro VALLEJO   DOB: 04-21-79 _____

7. Flip? _No_   Charges: 21 USC 952; 960   SSN:_____   Alias: _None_____

Address: 3668 E. Josephine Ct., Compton, CA. _____

Penalties: _____

8. Arrest Date: _8-9-99_   Date Committed: _8-9-99_____

Agent(s): _Anthony McCrorey_   Place of Arrest: San Ysidro, CA. Port of Entry (POE)_____

9. Custody? _Yes_   10. Citz: _Yes_   11. INS Status: Res __ Bcc __ Illegal __ Other_____

Prior Deports:_____   Prior VR'S _____

Prior Record: None found _____

Drug Usage: _Cocaine_____

How evidenced: _Admission_____


### Agent's Fact Summary:

On August 9, 1999, at approximately 1054 hours, Alejandro VALLEJO entered the United States from the Republic of Mexico via the San Ysidro, California Port of Entry (POE). VALLEJO was the driver and sole occupant of a green, 1991 Chevy Corsica bearing California license plate number 2VHD650. An inspection of the Chevrolet revealed approximately 27.20 pounds of cocaine. VALLEJO was read his Constitutional rights per Miranda and waived his rights. VALLEJO admitted knowledge of the presence of a controlled substance in the Chevrolet. VALLEJO stated that he thought it might be marijuana in the vehicle. VALLEJO was transported to the Metropolitan Correctional Center (MCC) pending his initial appearance before a U.S. Magistrate Judge.


Agents Bail Information: OCCUPATION: _Paints Car Radiators_ _____

Vehicle Seized: (Describe) _1991 Chevrolet Corsica_____

Cash on Def: _$4.00 in U.S. currency_____

Other Evidence: _None Found_____

12. Def Atty: Apptd. Rtd To Retain   13. Def. Atty. Name _____

14. Plea: Guilty Count ___ NG __ Nolo __   15. RCD? Yes ___ No ___

16. Sent. _____

16A. A.U.S.A. RECOMMENDATION _____   17. Dism? _____ CT. Govt. _____

18. Next Court for: _____   19. Date: _____   20. Time: _____ and for: _____

Date: _____ Time: _____

21. Bond Set _____

23. Pers. Info. _____

24. Priors _____

25. Sentencing Guidelines: _____

26. Potential Forfeitures: _____

Gov't Sent Recommendation: _____

Defendant's Sent Recommendation: _____

Probation Dept Recommendation: _____